Filed 11/12/13  P. v. Andrade CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038864 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1085222, C1113466) |
| v. | |
| JEFFREY LUMEN ANDRADE, | |
| Defendant and Appellant. | |

Defendant Jeffrey Lumen Andrade appeals after pleading no contest to two counts of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)[1]) and admitting that he personally and intentionally discharged a firearm (§ 12022.53, subds. (c) & (b)).  He was sentenced to an aggregate prison term of 23 years.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that states the case and facts, but raises no issue.  We notified defendant of his right to submit written argument on his own behalf within 30 days.  The 30–day period has elapsed and we have received no response from defendant.

Pursuant to *People v. Wende, supra,* 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record.  Following the California Supreme

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Court's direction in *People v. Kelly, supra,* at page 110, we provide a brief description of the facts and the procedural history of the case.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *Incidents and Charges*

On August 13, 2010, defendant—accompanied by Kevin Em—entered the McKee Gas & Shop. Defendant pointed a shotgun at the clerk, who was helping a customer. Defendant and Em both told the clerk, "give me the money." As the clerk tried to open the cash register, defendant discharged the shotgun into the ceiling. Defendant and Em took money from the counter as well as from one of the cash registers, then left in a stolen vehicle.

Based on the above incident, defendant was charged by information in case No. C1085222 with two counts of second degree robbery (§§ 211, 212.5, subd. (c); counts 1 & 2), one count of shooting at an inhabited dwelling house (§ 246; count 3), and one count of receiving a stolen vehicle (§ 496d; count 4). As to both of the robbery counts, the information alleged defendant personally and intentionally discharged a firearm (§ 12022.53, subds. (c) & (b)), that he was armed with a firearm (§ 12022, subd. (a)(1)), and that he personally used a firearm (§ 12022.5, subd. (a)).

On July 25, 2010, defendant and Em committed another robbery, taking the victim's wallet, which contained $30 cash and his driver's license. Based on that incident, defendant was charged in case No. C1113466 with second degree robbery (§§ 211, 212.5, subd. (c)), and it was alleged that a principal personally used a firearm (§ 12022.53, subds. (b) & (e)(1)).

---

[2] The factual summary for case No. C1085222 is based on the transcript of the preliminary hearing. The factual summary for case No. C1113466 is based on the complaint.

### B.  *Pleas, Sentencing, and Appeal*

On October 19, 2011, defendant entered no contest pleas to the robbery charged in count 1 in case No. C1085222 and the robbery charged in case No. C1113466, and he admitted the allegation in case No. C1085222 that he personally and intentionally discharged a firearm (§ 12022.53, subds. (c) & (b)).

At the sentencing hearing on December 1, 2011, the trial court dismissed all the remaining counts and allegations.  The court imposed the two-year low term for the robbery charged in count 1 in case No. C1085222, with a consecutive 20-year term for the allegation that he personally and intentionally discharged a firearm (§ 12022.53, subds. (c) & (b)).  The court imposed a consecutive one-year term (calculated at one-third of the midterm) for the robbery charged in case No. C1113466, for an aggregate prison term of 23 years.

On March 29, 2013, this court granted defendant's motion for relief from default for failing to file a timely notice of appeal.  Defendant filed his notice of appeal on April 3, 2013.

## DISCUSSION

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

**DISPOSITION**

The judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
MÁRQUEZ, J.

_____
GROVER, J.

4